IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-cr-30165-DWD |
| | ) |
| CHARLES CURREN, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM & ORDER

**DUGAN, District Judge:**

Defendant Charles Curren has filed a Motion for Compassionate Release under the First Step Act (Doc. 56). Curren asks the Court to reduce his sentence to time-served because of his alleged health conditions and the COVID-19 pandemic. He also contends that he needs to assist his ailing sister. The Government opposes the motion (Doc. 59). For the reasons set forth below, the motion is **DENIED**.

## BACKGROUND

On January 11, 2022, Curren entered an open plea of guilty to a six-count indictment charging him with four counts of distribution of cocaine base, possession with intent to distribute cocaine and cocaine base, and possession of a firearm in furtherance of a drug trafficking crime. (Docs. 1, 32). Curren was sentenced to a term of imprisonment of 120 months (Docs. 50 and 53). He is currently incarcerated at FMC-Lexington with an anticipated release date of August 18, 2030. (Doc. 59).

**STATED GROUNDS FOR RELIEF**

Curren requests compassionate release because of the COVID-19 pandemic and his health conditions, including asthma, COPD, diabetes, high blood pressure, sleep apnea, and sciatica. Curren contends that because of his health conditions, he is at a greater risk for contracting severe issues from COVID-19. He also claims he is needed to care for his ailing sister. Curren is fully vaccinated against COVID-19 (Doc 49-2, pp. 13, 15-16), including having two booster shots. (Doc. 59).

**APPLICABLE LAW**

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). But a handful of statutory exceptions exist, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A) (2018). Under this provision, a court, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights … may reduce the term of imprisonment … after considering the factors set forth in [18 U.S.C. § 3553(a)] … if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission…" 18 U.S.C. § 3582(c)(1)(A).

The existing compassionate release policy statement, United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13, provides four types of "extraordinary and compelling reasons" that may justify a sentence reduction: (1) medical conditions, (2) age, (3) family circumstances, and (4) other reasons. As is relevant here, the application notes

2

further define medical condition and family circumstances as follows:

>   **(A) Medical Condition of the Defendant**
>
>   (i)  The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>   (ii) The defendant is—
>
>   > I.   suffering from a serious physical or medical condition,
>   > II.  suffering from a serious functional or cognitive impairment, or
>   > III. experiencing deteriorating physical or mental health because of the aging process,
>   >
>   > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> \*\*\*\*
>
>   **(C) Family Circumstances**
>
>   (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13 cmt. n. 1.

Finally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13.

When a motion for compassionate release is filed by a defendant (as opposed to the Director of the Bureau of Prisons), U.S.S.G. § 1B1.13 is not binding. *United States v.*

3

*Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Nevertheless, the substantive aspects of U.S.S.G. § 1B1.13 provide a "working definition" of "extraordinary and compelling reasons" that should guide the Court's discretion without strictly confining it. *Id.* A court that "strikes off on a different path risks an appellate holding that judicial discretion has been abused." *Id.* Additionally, the Court should give substantial weight to the Bureau of Prison's analysis regarding "extraordinary and compelling reasons" in any particular case. *Id.*

Accordingly, for a defendant to be eligible for compassionate release he must have exhausted his administrative remedies.[1] Additionally, the Court must find that (1) extraordinary and compelling reasons for release exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), the extraordinary and compelling reasons warrant release. The movant bears the burden of making such a showing, and the Court has discretion to determine whether the defendant satisfied that burden. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021); *Gunn*, 980 F.3d at 1180.

## DISCUSSION

**A.     Exhaustion**

The United States does not argue that Curren failed to exhaust his administrative remedies. Therefore, any argument as to exhaustion is waived. *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020); *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

---

[1] The exhaustion requirement is not jurisdictional and may be waived by the Government. *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020).

B.     **Extraordinary and Compelling Reasons**

As for Curren's physical condition, the Court does not dispute that he suffers from one or more serious health conditions that make him especially susceptible to the dangers of COVID-19. However, the risk to Curren's physical health presented by COVID-19 is not an extraordinary and compelling reason to release him, either alone or in combination with his health conditions. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order.... [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). *See also United States v. Kurzynowski*, 17 F.4th 756, 760-61 (7th Cir. 2021) ("Vaccinated prisoners in 2021 do not face the same risks of serious illness as they did in 2020.... Because [the defendant] is vaccinated, he is ineligible for relief on remand."); *United States v. Clemons*, No. 21-2440, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022) ("Despite the threat of new coronavirus variants, we reiterate that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability to receive or benefit from a vaccine.) (internal quotations omitted). Curren is fully vaccinated, including at least two booster shots. Curren has not presented any evidence indicating that he is unable benefit from the vaccine. As a result, Curren has not shown that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A).

Curren also asserts that his release is appropriate due to his family circumstances. He contends that his sister suffers from several serious conditions and that he is "much needed at home to care for her." (Doc. 56). Curren, however, does not allege that he is the only individual available to assist her or even that she is unable to care for herself. While the court is sympathetic to Curren's concerns for his sister's health, family circumstances that may constitute an extraordinary and compelling reason for compassionate release are circumscribed under the previously discussed policy statement and do not encompass providing care to siblings. *See* U.S.S.G. § 1B1.13 cmt. n.1(C) (limiting family circumstances that may be considered an adequate reason for a sentence reduction to the need to care for minor children or a spouse or registered partner when no other caregiver is available). As such, the Court finds that Curren has failed to demonstrate that his sister's health, and his desire to assist her, constitutes an extraordinary or compelling circumstance supporting compassionate release.

Finally, the Court finds that the § 3553(a) factors weigh against Curren's release. Curren sold crack cocaine for over a year from his residence. When he was arrested, narcotics, guns, ammunition, and magazines were found in his home. Releasing Curren now, a little over a year into his sentence, would not provide adequate deterrence or punishment for his criminal conduct, and would result in an unwarranted disparity between his sentence and the sentences of others similarly situated.

6

CONCLUSION

For these reasons, Charles Curren's Motion for Compassionate Release (Doc. 56) is **DENIED**.

**SO ORDERED.**

Dated: May 23, 2023

DAVID W. DUGAN
United States District Judge